JASON P. BROWN (SBN 266472)
E-Mail: jpbrown@fisherphillips.com,
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendant
ROGERS ELECTRIC SERVICE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOHNNY GRIJALVA, an Individual,<br><br>              Plaintiff,<br><br>       v.<br><br>ROGERS ELECTRIC SERVICE CORPORATION., a corporation; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No:<br><br>*[Removed from Stanislaus County Superior Court, Case No. CV-23-004204]*<br><br>**DEFENDANT ROGERS ELECTRIC SERVICE CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>State Complaint: August 31, 2023 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant ROGERS ELECTRIC SERVICE CORPORATION ("Defendant"), by and through their attorneys of record, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Tulare, to the United States District Court for the Eastern District of California, on the following grounds:

1

NOTICE OF REMOVAL OF ACTION

FP 48358173.2

## I.    STATEMENT OF JURISDICTION

This matter is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, subdivision (a).  This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, subdivision (b), in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.  As set forth below, this action meets all requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    VENUE

The state action was filed in the Superior Court for the State of California, County of Tulare.  Thus, venue properly lies in the United States District Court for the Eastern District of California, Fresno Division pursuant to 28 U.S.C. sections 84, subdivision (a), 1391, subdivision (a), and 144l, subdivision (a).

## III.    PROCEDURAL HISTORY IN THE STATE COURT ACTION

On August 31, 2023, Plaintiff Johnny Grijalva ("Plaintiff") filed a Complaint in the Superior Court for the State of California in and for the County of Tulare ("Tulare Court") styled *Johnny Grijalva v. Rogers Electric Service Corporation,* Case No. VCU301358.  Declaration of Jason P. Brown ("Brown Decl."), ¶ 2, **Ex. 1** (Complaint).  In the Complaint, Plaintiff alleges causes of action for: (1) Relation in Violation of California Labor Code section 6310; (2) Relation in Violation of California Labor Code section 1102.5; (3) Disability Discrimination in Violation of the Fair Employment and Housing Act (FEHA); (4) Disability Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (6) Wrongful Termination in Violation of Public Policy; (7) Failure to Provide Rest Periods or Compensation in Lieu Thereof; and (8) Waiting Time Penalties Pursuant to California Labor Code section 203. *Ibid.*; *see also generally* Complaint.

On September 1, 2023, Plaintiff served Defendant's agent for service of process. Brown Decl., ¶ 3.

On September 29, 2023, Defendant filed its Answer to Plaintiff's Complaint in the Tulare Court, and served Plaintiff. *Id.* at ¶ 4, **Ex. 2**.

///

///

2

NOTICE OF REMOVAL OF ACTION

FP 48358173.2

## IV.    <u>THIS NOTICE OF REMOVAL IS TIMELY</u>

This Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446, subdivision (b), because Defendant has filed this notice within 30 days of service of the pleadings from which Defendant could first determine that this action was removable and less than one year after commencement of this action, as required under 28 U.S.C. section 1446, subdivision (c). Defendant was served the Complaint on September 1, 2023, and had until October 1, 2023 to remove this action. (October 1 falls on a Sunday). Brown Decl., ¶ 3.

## V.    <u>DIVERSITY JURISDICTION EXISTS</u>

The Court has original jurisdiction over this action because it is an action between citizens of different states involving an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a); 28 U.S.C. § 144l(a).

### A.    The Parties are Diverse.

The Court has original jurisdiction over the parties because Plaintiff is a citizen of California, while Defendant is a citizen of Georgia.

#### 1.    *Plaintiff is a Citizen of California.*

A natural person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place they reside with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).

Here, Plaintiff admits that he is an adult individual "residing in the County of Tulare, California[.]" Complaint, ¶ 3. Plaintiff also alleges that he was "employed by Defendant to perform work at the Amazon Fulfillment Center located at 3315 Ave 320, Visalia, California 93291. *Ibid.*; *see Wilson* v. *CitiMortgage,* No. 5:13-CV-02294-0DW SP, 2013 WL 6871822, at *2 (C.D. Cal. Dec. 17,

3

NOTICE OF REMOVAL OF ACTION

2013) (noting that other objective facts, including plaintiff's place of employment, may further establish his citizenship for purposes of removal).  There is no dispute that Plaintiff is a citizen, domiciliary, and resident of the State of California

### 2.    *Defendant is a Citizen of Georgia.*

Defendant is a citizen of the State of Georgia as defined by 28 U.S.C. section 1332, subdivision (c).  A corporation is deemed to be a citizen of the state in which it was incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332, subd. (c).  Under the "nerve center" test, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp.* v. *Friend, et al.,* 599 U.S. 77, 80-81, 91-93 (2010).

Here, Plaintiff admits that "Defendant is a corporation organized and existing under the laws of Georgia[.]" Complaint, ¶ 4.  Defendant's headquarters are located at 2050 Macroni Drive Suite 200, Alpharetta, Georgia 30005, and its executives work primarily at Defendant's headquarters.  Declaration of Greg Milton ("Milton Decl."), ¶ 3.  In addition to conducting the executive meetings at the Georgia headquarters, these officers primarily perform their day-to-day job duties in Georgia, including controlling, directing, and coordinating the activities of Defendant.  *Id.* at ¶ 3.  Accordingly, Defendant, and at all relevant times, has been a citizen of the State of Georgia.

### 3.    *The Doe Defendants' Citizenship is Disregarded.*

The unnamed defendants designated Does 1 to 50 in Plaintiff's Complaint are fictitious defendants, and have not been served, to Defendants' knowledge.  See Complaint ¶ 5.  Un-served defendants need not join in the notice of removal.  See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal.  28 U.S.C. § 1441, subd. (b)(1).

### B.    The Amount in Controversy Exceeds $75,000.00.

The second requirement for diversity jurisdiction—that the amount in controversy exceeds the $75,000 threshold specified in 28 U.S.C. § 1332—is also satisfied in this case.  This is an employment discrimination and retaliation lawsuit seeking various forms of relief, including general and special damages, punitive and exemplary damages, attorneys' fees, and costs of suit.  *See* Complaint, at p. 14.

4

NOTICE OF REMOVAL OF ACTION

FP 48358173.2

When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). When the Complaint does not specify the total amount of damages or other monetary relief sought by Plaintiff, that does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014). Rather, "the amount in controversy requirement presumes that plaintiff prevails on liability" on each claim as alleged ion the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1000-1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)).

In determining whether the threshold is met, courts consider the aggregate of general damages, special damages, punitive damages, and attorney's fees assuming victory on these claims. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages). Defendants also can meet this burden by producing evidence of jury verdicts for damages awarded in cases with similar allegations. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 564 (9th Cir. 1992); *Kroske v. US Bank Corp.,* 432 F.3d 976, 20 980 (9th Cir. 2005); *Vasquez v. Arvalo Digital Servs.,* No. CV 11-02836, 2011 WL 2560261 at *3 (C.D. Cal. June 27, 2011); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002).

1.    *Similar Jury Verdicts Exceed $75,000.00.*

To establish the amount in controversy, Defendant may rely on jury verdicts in cases involving similar allegations. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in single-plaintiff FEHA cases alleging wrongful termination regularly exceed $75,000.00. *See, e.g.*, *King v. U.S. Bank N.A.*, Case No. 34-2013-00154644-CU-DF-GDS, 2017 WL 1881420 (Sacramento Sup. Ct. May 4, 2017) (jury

5

FP 48358173.2

awarded $2,489,696 in damages on wrongful termination in violation of public policy claim); *Ko v. The Square Group LLC dba The Square Supermarket*, Los Angeles Sup. Ct., Case No. BC487739 (June 16, 2014) ($190,712.36 verdict on plaintiff's claims for discrimination, retaliation, wrongful termination in violation of public policy); *Jaffe v. UHS-Corona Inc.*, No. RIC-543130, 2013 WL 8509821 (Riverside Sup. Ct. May 7, 2013) (jury awarded $121,850 for wrongful termination claim); *Rosales v. Career Sys. Devel. Corp.*, E.D. Cal., Case No. 08CV01383 (WBS) (August 20, 2010) (verdict for $238,000 on plaintiff's claims under the FEHA for national origin discrimination, age discrimination, retaliation, and wrongful termination); *Kell v. AutoZone Inc.*, Case No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct. Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims); *Kolas v. Alticor Inc.*, Case No. BC362432, 2008 WL 6040410 (Los Angeles Sup. Ct. Jan. 14, 2008) (awarding wrongful-discharge plaintiff $200,000 in emotional distress damages); *Butler v. Univ. of Cal. Los Angeles Med. Ctr.*, Dkt. No. BC266196, 2003 WL 26067456 (Los Angeles Sup. Ct. Aug. 5, 2003) ($1,000,000 in non-economic damages awarded to plaintiff claiming retaliation).

2.      *Attorneys' Fees Exceed $75,000.00.*

Plaintiff also seeks attorney's fees in connection with his FEHA claims, which are provided by statute.  Fee awards in comparable wrongful termination cases show that attorneys' fees award pursuant to the statute to prevailing Plaintiffs typically exceed $75,000.00.  *See Denenberg v. Cal. Dep't of Transp.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorney's fees also supports the conclusion that the amount in controversy in this case exceeds $75,000.

While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

3.      *Lost Earnings Exceed $75,000.00.*

As is typical in wrongful termination cases, Plaintiff alleges he has been financially injured for

6
NOTICE OF REMOVAL OF ACTION

"loss of salary and benefits" since his employment was terminated on August 27, 2022. *See* Complaint, ¶¶ 18, 27, 35, 43, 51, 57. Lost earnings include back pay and may be considered when calculating the amount in controversy. *See Lamke v. Sunstate Equip. Co., LLC,* 319 F. Supp. 2d 1029, 1031, 1033 (N.D. Cal. 2004) (taking plaintiff's potential back pay into account for determining the amount in controversy). In a discrimination case, back pay is awarded from the date of the discriminatory act until the date of final judgment. *Krasezewki v. State Farm Gen. Ins. Co.,* 912 F.2d 1182, 1184 (9th Cir. 1990). Here, Plaintiff alleges that he was an employee paid to perform electrical work at an Amazon Fulfillment Center, until he was terminated on August 29, 2022. Complaint, ¶¶ 6, 11. Assuming a conservative trial date of 12 months after service of the Complaint, or September 1, 2024, Plaintiff's lost wages up to the point of trial, alone, will exceed the jurisdictional threshold for lost wages/earnings. The amount in controversy is satisfied on just this economic damages component alone. And Plaintiff seeks also seeks special damages, punitive damages, attorney's fees, and costs of suit. *See* Complaint, at pp. 14. Taken together, the damages Plaintiff has placed in controversy greatly exceed the sum of $75,000.

## VI.  REMOVING PARTY HAS COMPLIED WITH STATUTORY REQUIREMENTS

Pursuant to 28 U.S.C. section 1446, subdivision (a), Defendant attaches hereto a true and correct copy of Plaintiff's Complaint, filed in the Superior Court of the State of California, County of Tulare, along with a copy of the Summons and all other materials served upon Defendant by Plaintiff are attached hereto as **Exhibit 1**. A true and correct copy of the Answer to the Complaint filed by Defendant in the Tulare County Superior Court on September 29, 2023, is attached hereto as **Exhibit 2**. Defendants are informed and believe that the documents provided in Exhibits 1 and 2 constitute all of the pleadings filed and served in the state court case file in this matter.

As required by 28 U.S.C. section 1446, subdivision (d), a copy of this Notice of Removal will be attached to a pleading entitled Notice of Filing of Notice of Removal and promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of Tulare.

In compliance with 28 U.S.C. section 1446, subdivision (a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served upon Defendants or filed by Defendants are attached to this Notice of Removal.

///

NOTICE OF REMOVAL OF ACTION

FP 48358173.2

## **PRAYER FOR REMOVAL**

WHEREFORE, Defendant prays that the Tulare Court Action be removed from the Superior Court of California, County of Tulare, to the United States District Court for the Eastern District of California.

Dated:  September 29, 2023                    FISHER & PHILLIPS LLP


                                        By:    */s/ Jason P. Brown*
                                               Jason P. Brown
                                               Attorneys for Defendant
                                               ROGERS ELECTRIC SERVICE CORPORATION

8

NOTICE OF REMOVAL OF ACTION

FP 48358173.2